## Bogie and husband vs. Bogie.

### *Delivery of deed.*

In an action to set aside a deed purporting tó have been executed by the female plaintiff, it appears that when she signed it she was very ill, apparently near death, was suffering intense pain, and greatly prostrated in body and mind, and was induced to sign by the importunities of those about her; and the evidence leaves grave doubts whether she had any intelligent understanding of her act, when, with the aid of bystanders, she affixed her mark as a signature. Finding the deed to have been executed under these circumstances, this court examines with jealous scrutiny the facts attending the alleged delivery of it, and, not being satisfied that said plaintiff directed, assented to, or contemplated, an immediate delivery (even if she was in a condition to give valid assent), it affirms a judgment setting aside the deed.

APPEAL from the Circuit Court for *Jefferson* County.

Many of the facts of this case may be learned by a perusal of the reported case of *Bogie v. Bogie*, 35 Wis., 659. That action was to set aside a deed purporting to have been executed by Wm. Bogie to the defendant ; and this is an action to set aside a deed purporting to have been executed at the same time by the plaintiff *Mrs. Bogie* to the defendant. In this, as in the former case, the circuit court held that there had been no valid delivery of the deed, and rendered judgment for the plaintiff for the relief demanded. The testimony is sufficiently stated in the opinions in the two cases. The defendant appealed from the judgment.

*L. B. Caswell*, for the appellant, argued that the court below found as fact that *Mrs. Bogie* was at the time of executing the deed mentally competent to make it, and that, as respondent had not

excepted to such finding, the only question to be reviewed was upon the fact of delivery.   Upon that question he reviewed the evidence, citing *Warren v. Swett*, 11 Foster (N. H.), 332; *Souerbye v. Arden*, 1 Johns. Ch., 266; *Wall v. Wall*, 30 Miss., 91; 4 Kent's Com., 446.

*L. S. Dixon*, for respondent, arrayed the facts proved in the case, showing that *Mrs. Bogie*, at the time the deed was signed, was suffering almost unendurable pain, and was regarded *in extremis ;* that her physical condition was such that she was utterly incompetent to transact business, and her strength of mind and reasoning faculties .utterly wasted and gone before the matter of business conducted during the day was completed.   Counsel insisted that it was obvious from the testimony that she never at any time intended to make any conveyance which should take effect in her life time ; and lastly, that there was never any delivery; that whatever delivery was made in another room from where she lay sick, was not made in her presence, nor with her knowledge, or by her direction, authority or consent; that the only evidence tending to show delivery was that of Mr. Curtis who testifies :   " I explained to *Mrs. Bogie* that it was a warranty deed, and that *John* was to have it then ;" that her reply was not shown, nor any evidence given to show that she was conscious of, or understood what was done or said, or in conflict with her testimony that she did not know at the time that she executed the deed, and does not now remember it.

LYON, J.   It satisfactorily appears from the evidence, that when *Mrs. Bogie* signed the deed in question, she was very dangerously ill, apparently near death ; that she was suffering intense pain, and was greatly prostrated in body and mind ; and that she was induced to sign the deed by the importunities of those about her.   Indeed, the evidence leaves grave doubts in our minds whether she had any intelligent understanding of her act, when, with the aid of the bystanders, she affixed her mark to the deed as a signature.

Bogie and husband vs. Bogie.

When the validity of a deed executed under such circum-
stances is called in question, the courts will examine the cir-
cumstances of the alleged execution thereof with jealous
scrutiny, and, if any essential element of a valid deed be want-
ing, will not hesitate to set the instrument aside or to re-
fuse to enforce it.

The circuit court found that there had been no delivery of
the deed to the defendant. Reaffirming all that was said in
the former case (35 Wis., 659), by the chief justice, on the
subject of delivery, and applying to this case the principles
there laid down, we are of the opinion that this finding of the
circuit court is correct. The testimony has been carefully ex-
amined, and it fails entirely to satisfy us that *Mrs. Bogie*, either
by act or word, directed, assented to, or contemplated an im-
mediate delivery of the deed in question, even if her mental
condition was such that she could give an assent thereto which
would bind her. The only testimony of any importance tend-
ing to prove a delivery, is that of Mr. Curtis, who says that
he explained to *Mrs. Bogie* " that it was a warranty deed, and
that John was to have it then." But there is no proof that
she made any reply or gave any assent to the remark, and we
are well satisfied that she did not understand it. *Mrs. Bogie*
testified that she had no recollection of anything that trans-
pired on the day the deed was signed ; and Mr. Curtis testifies
that he had no directions to deliver the deed.

But it will serve no useful purpose to state or comment upon
the testimony at length. Its character is indicated in the other
case before mentioned ; and it is better for some of the actors
in the transactions under consideration, that but little be said
about it here or elsewhere.

It only remains to add that we find nothing in the proofs
which estops *Mrs. Bogie* to assert the nondelivery of the deed.

*By the Court.* — Judgment affirmed.